|,THOMAS C. WICKER, Jr.,
Judge Pro Tempore.
Claimant, Chris Baudean, appeals a judgment of the Workers’ Compensation Administration which denied his request for an increase in his weekly rate of compensation for Temporary Total Disability (TTD). For reasons that follow, we affirm.
The record shows that claimant filed a “Disputed Claim for Compensation” with the Office of Workers’ Compensation on November 5, 1998, alleging that he sustained a compensable injury in the course and scope of his employment on July 18, 1998. In due course claimant was awarded TTD benefits in the amount of $350.00 per week, the maximum benefit allowed under the statute at the time of the injury.
^Subsequently, claimant requested an increase in the rate. That request was denied by the trial court in a written judgment. Claimant appeals that ruling.
In brief to this court, claimant argues that LSA-R.S. 23:1202, which provides for the maximum rate payable for total disability requires an annual adjustment in the rate payable to a claimant who is currently receiving TTD benefits. Claimant specifically refers to section (B) of the above statute in support of his argument. That section reads as follows:
For the purposes of this Chapter, the average weekly wage in all employment subject to the Louisiana Employment Security Law shall be determined by the administrator of the Louisiana Employment Security Law on or before August first of each year as of the quarter ending on the immediately preceding March thirty-first of each year. The average weekly wage so determined shall be applicable for the full period during which compensation is payable when the date of occurrence of injury falls within the twelve-month period commencing September first following the determination.
Claimant asserts that an injured worker who is receiving TTD benefits should enjoy the benefit of the yearly cost of living increases by receiving an increase every year as the administrator re-calculates the average weekly wage in accordance with the above statute.
Defendant, L.S. Womack, Inc., opposes that reasoning and asserts that the trial court was correct in denying claimant’s request for an increase. In support of its argument, defendant relies on the same provision in the Workers’ Compensation Law. It argues that the last sentence of the above statute clearly establishes that the rate of compensation is fixed on the date of the injury and is not subject to cost of living increases. We agree.
We believe the statute is clear. The rate, once determined by the wage earned on the date of injury, “is applicable for the full period during which | compensation is payable”. LSA-R.S.23:1202(B); see also, Hodges v. Quail Tools, Inc. 97-1340 (La.App. 3 Cir. 3/6/98), 709 So.2d 975. Had the legislature intended to provide annual increases in TTD benefits already awarded, it would have so provided in the statute.
Accordingly, we find the trial court was correct, as a matter of law, when it denied claimant’s request for a cost of living increase in TTD benefits, and we affirm the judgment.
AFFIRMED.